768 P.2d 1268 (1989)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of V.M.R. and R.W.R., Children, And Concerning R.R., Respondent-Appellant.
No. 87CA1954.
Colorado Court of Appeals, Div. III.
January 5, 1989.
*1269 William Thiebaut, Jr., Sp. County Atty., Pueblo, for petitioner-appellee.
Jack Jenkins, Pueblo, Guardian Ad Litem.
Kelly & Potter, P.C., Gary J. Raso, Pueblo, for respondent-appellant.
ENOCH,[*] Judge.
The respondent father appeals the trial court's judgment terminating his parent/child legal relationship with his two minor children. We affirm.
Respondent was not present at the termination hearing because of his incarceration in the State of Kansas on an unrelated matter. However, he was represented at the hearing by court-appointed counsel. Following the hearing, and entry of the termination order, the court discharged respondent's counsel.

I.
The respondent, by his counsel newly appointed for this appeal, first argues that *1270 the trial court's decision to terminate his parental rights should be set aside because he received ineffective assistance of counsel prior to and at the hearing. We disagree.
In criminal cases, an accused is entitled by constitutional mandate to receive reasonably effective assistance of counsel acting as his diligent, conscientious advocate. In such cases, a contention of ineffective assistance of counsel requires a determination whether counsel's conduct so undermined the proper functions of the adversarial process that the proceeding cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); People v. Fulton, 754 P.2d 398 (Colo.App.1987). However, the burden rests on the accused to show (1) that counsel's performance was deficient in that it fell below the level of reasonably competent assistance and (2) that the deficient performance prejudiced the defense so as to deprive the accused of a fair trial. Strickland v. Washington, supra; People v. Fulton, supra.
In non-criminal cases in which, such as here, the right to appointed counsel is provided for by statute, see § 19-11-103(2) and § 19-1-106(1)(d), C.R.S. (1986 Repl.Vol. 8B) (counsel appointed on request, after advisement of the right, if parent found to be indigent), we hold that the standard is the same.
Here, respondent contends that counsel failed to invoke § 19-3-103(4), C.R.S. (1984 Repl.Vol. 8B) as a method of assuring his presence at the hearing. He argues that a reasonably competent attorney would have moved the court to require respondent's presence in accordance with the above provision. He also contends that counsel failed to direct the court's attention to § 24-60-201 and § 24-60-206, C.R.S. (1988 Repl.Vol. 10B). We reject these contentions.
As the court noted, this is not a criminal proceeding; therefore, § 24-60-201 and § 24-60-206 are inapplicable here. Also, in the absence of an interstate compact or agreement, the State of Kansas is not obliged to produce the respondent in accordance with § 19-3-103(4) for a hearing of this nature. Thus, it can reasonably be inferred that counsel did not rely upon the above provisions because they simply do not apply to the facts in this case. Therefore, respondent has failed to prove his legal counsel's performance was deficient, much less that such performance prejudiced the final outcome.

II.
The respondent also argues that his involuntary absence denied his right to due process. We disagree.
Due process requires that respondent be given notice of the termination proceedings and an opportunity to be heard or defend and to have the assistance of legal counsel. The respondent contends that in addition to his absence, his opportunity to be heard or defend was denied because of counsel's failure to solicit a pro se brief or deposition from the respondent.
However, as the court held in In re Rich, 604 P.2d 1248 (Okla.1979): "[S]ince legal counsel was serving, we must ascribe the absence of deposition testimony in the record to deliberate strategy choices of counsel acting in the best interests of their client's cause."
Because respondent had the opportunity to appear through court-appointed counsel, his absence was not prejudicial error. Courtroom confrontations with one's civil adversary are not required either by due process or other constitutional strictures. The Sixth Amendment right to confrontation applies to criminal cases; there is no similar right in a civil trial. In re Rich, supra.
The record here reveals the trial court did everything possible to give the respondent the opportunity for a fair and just hearing. Further, the evidence in the *1271 record amply supports the judgment which would likely have been little affected by defendant's presence at the hearing.
JUDGMENT AFFIRMED.
VAN CISE and CRISWELL, JJ., concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).