**The PEOPLE of the State of Colorado,**
**Petitioner–Appellee,**

**In the Interest of C.H., a Child,**

**and**

**Concerning M.J.H., a/k/a M.J.S.,**
**Respondent–Appellant.**

**No. 06CA1567.**

Colorado Court of Appeals,
Div. VI.

June 14, 2007.

George H. Hass, County Attorney, William G. Ressue, Assistant County Attorney, Fort Collins, Colorado, for Petitioner–Appellee.

Sarah A. Hubbard, Fort Collins, Colorado, for Respondent–Appellant.

Opinion by Judge RUSSEL.

M.J.S. appeals from a judgment terminating the parent-child legal relationship between her and her child, C.H. We remand for further proceedings.

### I.   Sufficiency of Evidence

M.J.S. argues that the evidence was insufficient to support an order of termination.  We disagree.

A trial court may terminate a parent-child legal relationship under § 19–3–604(1)(c), C.R.S.2006, if it finds that the following facts have been proved by clear and convincing evidence:  (1) the child has been adjudicated dependent or neglected;  (2) an appropriate treatment plan, approved by the trial court, has not been complied with by the parent or has not been successful in rehabilitating the parent;  (3) the parent is unfit; and (4) the parent's conduct or condition is unlikely to change within a reasonable time. *People in Interest of A.M.D.*, 648 P.2d 625, 637 (Colo.1982).  The court must also find that (5) there is no less drastic alternative to termination and that (6) termination is in the child's best interests.  Section 19–3–604(3), C.R.S.2006;  *C.S. v. People*, 83 P.3d 627, 640 (Colo.2004).

As finder of fact, the trial court must determine the credibility of the witnesses and the probative effect and weight of evi-

dence, as well as the inferences and conclusions to be drawn from the evidence. The trial court's findings will not be disturbed on review if the record supports them. *People in Interest of C.A.K.*, 652 P.2d 603, 613 (Colo. 1982).

Here, the necessary facts were proved by clear and convincing evidence:

1. It was undisputed that the child had been adjudicated dependent or neglected.

2. The trial court found, on supporting evidence, that M.J.S. had failed to attend scheduled visitations with sufficient regularity. In light of this finding, M.J.S. cannot be said to have complied with the treatment plan. *See People in Interest of M.T.*, 121 P.3d 309, 311–12 (Colo.App.2005) (if the parent has not shown good cause for failing to visit the child, the trial court must conclude that the parent has failed to comply with the treatment plan).

3. The state's witnesses testified that M.J.S.'s inconsistent and unpredictable behavior had a negative effect on the child. The witnesses also testified that M.J.S. was unable or unwilling to recognize the child's sexualized behaviors and therefore could not parent all her children successfully. This evidence supports the court's finding that M.J.S. was unfit as to the child. *See People in Interest of D.L.C.*, 70 P.3d 584, 588 (Colo.App.2003) (a parent may be unfit as to one, but not all, of his or her children).

4. The trial court found, on supporting evidence, that M.J.S. exhibited the same problems with consistency and predictability that she had displayed before the intervention. This finding supports the conclusion that M.J.S.'s conduct and condition were unlikely to change within a reasonable time. *See* § 19-3-703, C.R.S.2006 (creating a twelve-month deadline on permanency placements for children who are under six years of age when they are first placed out of the home); *People in Interest of D.L.C., supra,* 70 P.3d at

589 ("A reasonable time is not an indefinite time, and it must be determined by considering the physical, mental, and emotional conditions and needs of the child.").

5. Neither the paternal grandmother nor the paternal aunt sought permanent placement of the child. M.J.S. did not want the child to be placed with the maternal grandparents, and no other relatives were suggested as potential alternatives. Therefore, the record supports the trial court's determination that there were no less drastic alternatives to termination.

6. The evidence indicates that the child was adoptable and that her greatest need was a permanent home with consistent, predictable, and nurturing caregivers. In light of M.J.S.'s inconsistency, this evidence supports the trial court's conclusion that termination was in the child's best interests.

Because the record supports the trial court's findings, we conclude that the order of termination was based on sufficient evidence.

## II. Ineffective Assistance of Counsel

M.J.S. contends that the order of termination must be reversed because she did not receive the effective assistance of counsel. We conclude that the matter must be remanded for an evidentiary hearing.

### A. Governing Law

A parent's right to appointed counsel in termination proceedings is secured by statute, and not by constitutional mandate. *People in Interest of A.J.*, 143 P.3d 1143, 1148 (Colo.App.2006). Nevertheless, Colorado courts will allow a parent to challenge an order of termination on the ground that the parent did not receive the effective assistance of counsel. *People in Interest of A.J., supra; People in Interest of T.D.*, 140 P.3d 205, 217–18 (Colo.App.2006).

When evaluating a claim of ineffective assistance of counsel in termination proceedings, Colorado courts employ the same test that governs claims of ineffective assistance

of counsel in criminal cases. *People in Interest of A.J., supra; People in Interest of T.D., supra; People in Interest of V.M.R.,* 768 P.2d 1268, 1270 (Colo.App.1989). Under this test, the parent must show two things: (1) counsel's performance was outside the wide range of professionally competent assistance; and (2) the parent was prejudiced by counsel's errors. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Ardolino v. People,* 69 P.3d 73, 76 (Colo.2003).

■ In criminal cases, ineffective assistance claims are litigated in collateral proceedings according to special rules of procedure. *See* Crim. P. 35(c). Termination cases are different. Because Colorado law provides no specific mechanism for challenging the effectiveness of counsel in a termination case, a parent must employ one of the general procedures available in civil cases, such as direct appeal. *See, e.g., People in Interest of A.J., supra; People in Interest of T.D., supra; People in Interest of V.M.R., supra; see also E.T. v. State,* 930 So.2d 721, 727 n. 2 (Fla.Dist.Ct.App.2006) (most states allow the claim to be raised on direct appeal).

Certain problems may arise if an ineffective assistance claim is presented for the first time on direct appeal. The chief problem is that the record may not contain sufficient information to enable the appellate court to resolve the parent's contentions. *See* S. Calkins, *Ineffective Assistance of Counsel in Parental–Rights Termination Cases: The Challenge for Appellate Courts,* 6 J.App. Prac. & Process 179, 209 (2004) ("[I]n some cases it will be impossible to determine the merits of an ineffectiveness claim from the appeal record."); *see also Ardolino v. People, supra,* 69 P.3d at 77.

■ When the record is insufficient, appellate courts generally remand the case to the trial court for further findings and conclusions. *See State ex rel. Children, Youth & Families Dep't v. Tammy S.,* 126 N.M. 664, 974 P.2d 158, 163–64 (Ct.App.1998) (remanding for a hearing at which the parents may develop an evidentiary record on their ineffective assistance of counsel claims); *In re K.K.,* 180 S.W.3d 681, 688 (Tex.App.2005) (same).

■ A remand is required only if the parent's allegations are sufficiently specific and compelling to constitute a prima facie showing of ineffective assistance of counsel. *State ex rel. Children, Youth & Families Dep't v. David F.,* 121 N.M. 341, 911 P.2d 235, 242 (N.M.Ct.App.1995); *see also State ex rel. Juvenile Dep't v. Geist,* 310 Or. 176, 796 P.2d 1193, 1204 n. 16 (1990) ("Before authorizing an evidentiary hearing, a court doubtless would require a threshold showing of specific allegations, including the names of witnesses to be called, the expected substance of their testimony, and an explanation of how that testimony would show that trial counsel was inadequate.").

■ If the parent's allegations lack sufficient specificity, the ineffective assistance claim may be denied without further inquiry. *Cf. People v. Osorio,* —— P.3d ——, ——, 2007 WL 1288475 (Colo.App. No. 05CA1765, May 3, 2007) (allegation that counsel failed to cross-examine certain witnesses was properly denied without a hearing where defendant did not explain "what the cross-examination of any witnesses would have revealed"); *People v. Zuniga,* 80 P.3d 965, 973 (Colo.App.2003) (allegation that counsel was ineffective for failing to conduct an adequate investigation was properly denied without a hearing because the defendant did not explain "what additional investigation counsel should have done, what the results of those efforts would have been, and how they would have affected the outcome of the case"). Similarly, if the parent's allegations do not constitute a prima facie showing of ineffective assistance, the claim may be denied summarily. *Cf. Ardolino v. People, supra,* 69 P.3d at 77 (defendant's motion may be denied without a hearing if "the existing record establishes that the defendant's allegations, even if proven true, would fail to establish one or the other prong of the *Strickland* test").

## B. Discussion

M.J.S. contends that her therapist should have been called to testify as a witness during the termination hearing. She asserts that, rather than making an informed strate-

gic decision, her former attorney simply failed to call the therapist. And she asserts that the trial court would have reached a different decision had the therapist been called to testify.

At our request, M.J.S.'s appellate attorney has submitted an offer of proof in support of this allegation. (We extended this opportunity only because this is the first time that a Colorado appellate court has explained the degree of specificity required when an ineffective assistance claim is raised on appeal from a termination proceeding. We note that, in future cases, parents and their attorneys will be expected to present their allegations, with the requisite specificity, in the petition on appeal.) The offer of proof asserts the following:

- The therapist (who is mentioned by name) has treated M.J.S. since 2004. He is a well-respected psychotherapist who has extensive expertise in the area of child development.
- Had the therapist been called as witness, he would have testified as follows: (1) M.J.S. has made such strides in overcoming her self-destructive behavior that she is capable of providing appropriate parenting for all her children; (2) M.J.S. demonstrated good parenting skills during therapy sessions with the child; and (3) the department of human services changed the child's caseworkers, therapists, volunteers, and foster homes with inappropriate frequency, and this disruption was more likely to have caused the child's behavioral problems than was M.J.S.'s parenting.
- M.J.S.'s former attorney did not present any witness to establish M.J.S.'s progress in therapy or her ability to parent. Nor did she present any witness to explain why the child's behavioral problems were the result of conditions other than M.J.S.'s parenting.

This allegation warrants further inquiry by the trial court. The allegation cannot be rejected summarily because it is specific and because the proffered evidence, if true and if credited by the trial court, could plausibly establish both prongs of an ineffective assistance claim. Nor can the allegation be re-solved on the existing record. We therefore conclude that the case must be remanded so that the trial court may address this allegation in the first instance.

M.J.S. alleges several other acts and omissions on the part of her former attorney. In light of our decision to remand this case, we need not address the remaining allegations in detail. We note that these allegations are specific and supported by an offer of proof, and we direct the trial court to address them on remand.

### III. Conclusion

We remand this case for further proceedings as follows:

1. Within thirty days of our remand, the trial court shall hold a hearing at which M.J.S. may produce evidence and argument in support of her ineffective assistance claim. The county attorney may produce evidence (including the testimony of M.J.S.'s former attorney) and argument in opposition.

2. At the conclusion of the hearing, after resolving issues of credibility and making findings of historical fact, the trial court must determine (1) whether M.J.S.'s former attorney acted outside the wide range of professionally competent assistance required in termination proceedings, and (2) whether there is a reasonable probability that the alleged shortcomings, alone or in combination, affected the outcome of the termination proceeding.

3. Within ten days after the hearing, the clerk of the district court shall recertify the appeal to this court and submit a supplemental record consisting of (1) a transcript of the evidence and arguments presented at the hearing, along with any oral findings and conclusions made by the trial court, and (2) the trial court's signed and dated order resolving M.J.S.'s claim of ineffective assistance of counsel.

4. After the supplemental record has been filed, the parties shall have ten days within which to file simultaneous supplemental briefs addressing the

propriety of the hearing and the trial court's findings and conclusions.

The case is remanded for further proceedings consistent with this opinion.

Judge DAILEY and JUDGE GRAHAM concur.