24CA1440 Fottrell v ICAO 03-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1440
Industrial Claim Appeals Office of the State of Colorado
WC No. 5-185-128

Brian Fottrell,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado, Amerwest
Constructors, Inc., and Argonaut Insurance Company,

Respondents.

ORDER AFFIRMED

Division V
Opinion by JUDGE SULLIVAN
Freyre and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 20, 2025

Brian Fottrell, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Condit Csajaghy, LLC, Christopher Condit, Denver, Colorado, for Respondents
Amerwest Constructors, Inc., and Argonaut Insurance Company

¶ 1    In this worker's compensation case, Brian Fottrell appeals the final order issued by the Industrial Claim Appeals Office (Panel) affirming the decision of an administrative law judge (ALJ) that Fottrell failed to prove that he sustained a compensable injury. We affirm the Panel's order.

## I.    Background

¶ 2    The following facts are undisputed. In February 2021, Fottrell performed carpentry work for SML Construction as part of SML's subcontract with Amerwest Constructors, Inc. (Amerwest). Approximately eight months later, Fottrell filed a claim for worker's compensation benefits, naming Amerwest as his employer as defined under the Colorado Workers' Compensation Act. Fottrell's claim indicated that he suffered an injury at work in February 2021 but didn't identify the injury.

¶ 3    Amerwest engaged Dr. J. Tashof Bernton to perform an independent medical examination (IME) and determine, among other things, the nature of Fottrell's claimed injury and whether it arose out of the course and scope of his employment in February 2021. Dr. Bernton reviewed Fottrell's medical records, as well as letters from his February 2021 work supervisors. Dr. Bernton also

met with Fottrell and discussed his medical history and his recollection of the work incident allegedly precipitating his injury.

¶ 4 Fottrell told Dr. Bernton that he worked as a door installer and fell on his right elbow while performing this work in February 2021. In a written statement authored before the examination, Fottrell indicated that he fell and landed on his elbow and also "[w]renched [his] neck." Dr. Bernton noted that these descriptions were absent from Fottrell's initial claim.

¶ 5 Dr. Bernton issued a report documenting his medical findings and conclusions. He diagnosed Fottrell with "degenerative disc disease at multiple levels." Regarding causation, Dr. Bernton concluded that Fottrell suffered no "acute or structural injury" in February 2021, but that it was unclear whether he suffered any occupational injury. After receiving and reviewing additional medical records, including records from Fottrell's chiropractor, Dr. Bernton produced a supplemental report. In that report, Dr. Bernton noted that Fottrell had seen his chiropractor the day before his alleged accident for cervical pain that had gradually onset over the course of a month. Dr. Bernton concluded that Fottrell "did not have an occupational injury."

¶ 6     At an evidentiary hearing on Fottrell's claim, Fottrell offered —
and the ALJ admitted — into evidence Dr. Bernton's first and
supplemental reports, as well as various medical records.  Dr.
Bernton, Fottrell, and one of Fottrell's former co-workers testified at
the hearing.

¶ 7     In an order issued after the hearing, the ALJ found Dr.
Bernton's findings and opinions "as expressed in his reports and
testimony to be credible and persuasive."  Though the former co-
worker testified that Fottrell fell on the alleged date of injury, he
also testified that he didn't see the injury.  The ALJ gave little
weight to the co-worker's testimony and noted that, to the extent it
conflicted with the medical records or Fottrell's own statements in
his initial claim, the co-worker's testimony wasn't credible.  The ALJ
also noted "the inconsistency of [Fottrell's] allegations."  According
to the ALJ, Fottrell "made no reference to having fallen at the time
of his alleged injury" and failed to mention previous related medical
complaints to Dr. Bernton.

¶ 8     Additionally, the ALJ noted that "other possible incidents near
the time of his accident[,]" as reported by the work supervisors and
referenced in Dr. Bernton's report, "cast additional doubt" on the

3

cause of Fottrell's pain.  As a result, the ALJ concluded that Fottrell failed to prove by a preponderance of the evidence that he sustained a work injury in February 2021.  The ALJ also denied Fottrell's other claim regarding a subcontractor, which is not at issue in this appeal.  Fottrell appealed the ALJ's order to the Panel, which affirmed.

## II.  Standard of Review and Legal Principles

¶ 9  A work-related injury may be compensable if it arises out of the course and scope of the injured worker's employment.  § 8-41-301(1)(b), C.R.S. 2024.  "For an injury to occur in the course of employment, the claimant must demonstrate that the injury occurred within the time and place limits of his employment and during an activity that had some connection with his work-related functions."  *Madden v. Mountain W. Fabricators*, 977 P.2d 861, 863 (Colo. 1999) (internal quotations omitted).  To establish that an injury arose out of employment, "the claimant must show a causal connection between the employment and injury such that the injury has its origins in the employee's work-related functions and is sufficiently related to those functions to be considered part of the employment contract."  *Id.*

4

¶ 10     Under section 8-43-308, C.R.S. 2024, we may not disturb factual findings "supported by substantial evidence" and may only set aside the Panel's decision if (1) the factual findings aren't sufficient to permit appellate review; (2) conflicts in the evidence aren't resolved in the record; (3) the factual findings don't support the order; or (4) the award or denial of benefits isn't supported by applicable law.

¶ 11     Because Fottrell represents himself, we construe his arguments liberally, giving effect to their substance rather than form. *People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010).

## III.   Analysis

### A.   Admission of Dr. Bernton's Reports

¶ 12     Fottrell appears to contend that, to the extent Dr. Bernton's IME reports paraphrased and relied on written statements from his work supervisors, the reports constituted inadmissible hearsay because neither supervisor testified at the hearing. By relying on those reports, Fottrell argues, the ALJ contravened the rules of evidence, the Rules of Workers' Compensation Procedure, and Fottrell's right under the Sixth Amendment to the United States Constitution to confront witnesses against him.

5

¶ 13    Assuming without deciding that the ALJ erred in considering the part of Dr. Bernton's reports referencing the work supervisors' statements, we conclude that Fottrell invited the error.  *See Hansen v. State Farm Mut. Auto. Ins. Co.*, 957 P.2d 1380, 1385 (Colo. 1998) ("[U]nder the doctrine of 'invited error,' a party may not later complain where he or she has been the instrument for injecting error in the case; instead, the party is expected to abide the consequences of his or her acts.").  Indeed, at the hearing, Fottrell tendered Dr. Bernton's reports.  Having prompted the ALJ to consider the reports, he can't now complain that the ALJ erred in doing so.

¶ 14    Additionally, we perceive no violation of Rule 13 of the Office of Administrative Courts' Procedural Rules for Workers' Compensation Hearings.  That rule states, "Only endorsed witnesses may testify in a party's case-in-chief."  Fottrell offers no explanation regarding how the ALJ or the Panel violated this rule.  Perceiving no obvious basis for this argument and lacking any analysis to guide our review, we decline to consider it further.  *See Taylor v. Taylor*, 2016 COA 100, ¶ 13 (declining to address perfunctory, conclusory arguments).

¶ 15    We also aren't persuaded by Fottrell's argument that the ALJ violated his right under the Sixth Amendment to the United States Constitution to confront witnesses against him.  The right to confrontation under the Sixth Amendment applies only in criminal cases; no similar right applies in the civil context.  *People in Interest of V.M.R.*, 768 P.2d 1268, 1270 (Colo. App. 1989).

## B.    Crediting Dr. Bernton's Reports

¶ 16    Fottrell also appears to contend that the ALJ erred by crediting Dr. Bernton's reports.  Specifically, he asserts that the reports were insufficient as a matter of law because they included no range of motion observations.

¶ 17    We decline to consider this contention.  We discern no obvious legal support for this argument and Fottrell doesn't cite support or provide any analysis.  *See Vallagio at Inverness Residential Condo. Ass'n, Inc. v. Metro. Homes, Inc.*, 2017 CO 69, ¶¶ 39-40 (we don't consider conclusory propositions devoid of legal citations or analysis).

## C.    Audio Recordings

¶ 18    Finally, Fottrell appears to contend that the ALJ erred by failing to provide the Panel with audio recordings of the hearing.

7

We reject this argument. Section 8-43-301(2)(b), C.R.S. 2024 expressly mandates that the party requesting review order a transcript of the relevant hearing. The statute doesn't require, or even authorize, transmission of audio recordings to the Panel.

## IV. Disposition

¶ 19 We affirm the Panel's order.

JUDGE FREYRE and JUDGE SCHOCK concur.