25CA0609 Peo in Interest of HM 10-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0609
Weld County District Court No. 23JV91
Honorable Allison J. Esser, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of H.M. and M.M., Children,

and Concerning A.M.,

Appellant.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE KUHN
J. Jones and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Bruce T. Barker, County Attorney, David S. Anderson, Assistant County
Attorney, Greeley, Colorado, for Appellee

Alison A. Bettenberg, Counsel for Youth, Greenwood Village, Colorado, for H.M.

Alison A. Bettenberg, Guardian Ad Litem, for M.M.

Just Law Group, LLC, John F. Poor, Denver, Colorado, for Appellant

¶ 1    A.M. (mother) appeals the judgment terminating her parent-child legal relationships with H.M. and M.M. (the children). We affirm.

## I.    Background

¶ 2    In July 2023, the Weld County Department of Human Services filed a petition in dependency or neglect, alleging that mother's alcohol use disorder prevented her from caring for the children. The Department also alleged that maternal grandfather, who had primary custody of the children since 2014, had experienced health problems that prevented him from continuing to care for the children. Mother had five previous dependency or neglect cases, all of which involved her alcohol abuse problems and related acts of physical violence.

¶ 3    Mother denied the allegations in the petition and requested a jury trial. However, she did not appear for the jury trial, so the juvenile court converted the matter to a bench trial. After hearing the evidence, the court sustained the petition and adjudicated the children dependent or neglected.

¶ 4    Then the guardian ad litem (GAL) for M.M. and counsel for youth (CFY) for H.M. jointly moved the juvenile court to find that no

appropriate treatment plan could be devised to render mother fit. After hearing evidence at a dispositional hearing, the court found that, under section 19-3-508(1)(e)(I), C.R.S. 2025, no appropriate treatment plan could be devised for mother based on her extended history of alcohol dependence and inability to become fit despite treatment.

¶ 5　　The Department later moved to terminate mother's parental rights under section 19-3-604(1)(b)(I), C.R.S. 2025. The juvenile court held an evidentiary hearing in February 2025. At the hearing's conclusion, the court found that mother suffered from an "emotional illness" or "behavioral or mental health disorder," namely alcohol use disorder, and that her alcohol use disorder was "of such duration or nature" as to render her unlikely to provide for the children's needs "within a reasonable time." *Id.* The court therefore terminated the parent-child legal relationships between mother and the children.

## II.　Analysis

¶ 6　　Mother contends that the juvenile court erred by finding that an appropriate treatment plan could not be devised for her under sections 19-3-508(1)(e)(I) and 19-3-604(1)(b)(I). We disagree.

2

A.     Applicable Law and Standard of Review

¶ 7     Once the juvenile court enters an adjudication, it must hold a dispositional hearing to determine "the proper disposition [to] best serv[e] the interests of the child and the public." § 19-3-507(1)(a), C.R.S. 2025. During the dispositional phase, the court will determine where to place the child and whether a treatment plan can be devised for the parent. *See* § 19-3-508(1); *People in Interest of L.S.*, 2023 CO 3M, ¶ 19.

¶ 8     In some limited circumstances, the juvenile court may determine at a dispositional hearing that an appropriate treatment plan cannot be devised for a parent. § 19-3-508(1)(e)(I). For example, section 19-3-508(1)(e)(I) permits a court to find that an appropriate treatment plan cannot be devised "due to the unfitness of the parents as set forth" in section 19-3-604(1)(b). As pertinent to this appeal, a parent is unfit if the parent has "[a]n emotional illness, a behavioral or mental health disorder, or an intellectual and developmental disability . . . of such duration or nature as to render the parent unlikely within a reasonable time to care for the ongoing physical, mental, and emotional needs and conditions of the child." § 19-3-604(1)(b)(I).

3

¶ 9    A juvenile court may then terminate parental rights under section 19-3-604(1)(b) if it finds, by clear and convincing evidence, that (1) the child has been adjudicated dependent or neglected and (2) an appropriate treatment plan cannot be devised to address the parent's unfitness. *See People in Interest of C.Z.*, 2015 COA 87, ¶ 7; *L.S.*, ¶¶ 34-35 (noting that the clear and convincing standard applies only at the termination hearing, not the dispositional hearing).

¶ 10    Whether a juvenile court properly terminated parental rights presents a mixed question of law and fact because it involves the application of the termination statute to evidentiary facts. *People in Interest of A.M. v. T.M.*, 2021 CO 14, ¶ 15. We review the juvenile court's factual findings for clear error, but we review de novo its legal conclusions based on those facts. *See People in Interest of S.R.N.J-S.*, 2020 COA 12, ¶ 10.

## B.    Preservation

¶ 11    As an initial matter, the parties dispute preservation of mother's challenge to the juvenile court's finding that an appropriate treatment plan could not be devised to address her unfitness to parent the children. Mother contends that, because

4

she raised this argument at the dispositional hearing, she properly preserved it for our review.

¶ 12    For their part, the Department, GAL, and CFY assert that mother did not preserve her appellate argument because she failed to raise it at the termination hearing.  Specifically, the Department submits that, if mother wanted to challenge the juvenile court's findings following the dispositional hearing, then she needed to appeal that order within twenty-one days after it was issued.  *See* C.A.R. 3.4(b)(1).

¶ 13    But we agree with mother that, because a finding of no appropriate treatment plan is not a final order, mother could not have appealed that finding until the court entered its termination judgment.  *See People in Interest of E.M.*, 2016 COA 38M, ¶¶ 33-35, 37 (dismissing a portion of father's appeal for lack of a final order because the juvenile court found that no appropriate treatment plan could be devised and the court had not yet terminated his parental rights), *aff'd*, 2018 CO 34; *see also People in Interest of M.S.*, 2012 COA 211, ¶ 3 (dismissing the parents' appeal of the order finding that no appropriate treatment plan could be devised because it was not a final order).  And in any event, a party

generally doesn't need to raise a sufficiency of the evidence challenge to pursue it on appeal. *See People in Interest of S.N-V.*, 300 P.3d 911, 913-18 (Colo. App. 2011) (noting that a parent need not preserve a challenge to the sufficiency of the evidence); *see also* C.R.C.P. 52 (stating that a party need not object to the court's findings in the trial court to preserve a challenge to those findings); *cf. McCoy v. People*, 2019 CO 44, ¶ 27 (holding that, in criminal cases, an appellate court can review a sufficiency of the evidence claim for the first time on appeal, even if the claim involves "preliminary questions of statutory construction").

¶ 14    We therefore conclude that mother's appeal is properly before us, and we will address the merits of her argument.

### C.    The Juvenile Court Didn't Err by Finding that No Appropriate Treatment Plan Could be Devised for Mother

¶ 15    Mother argues, for the three reasons set forth below, that the juvenile court erred by finding that no appropriate treatment plan could be devised to render her fit. We disagree with all three contentions.

¶ 16    First, mother contends that, although there was sufficient evidence that she "struggled with alcohol dependence for a long"

time, there was no evidence that she "possessed any additional" illness, disorder, or disability. The juvenile court found, with record support, that mother's longstanding alcohol use disorder was an emotional illness or behavioral or mental health disorder. *See People in Interest of S.J.C.*, 776 P.2d 1103, 1106-07 (Colo. 1989) (concluding that a parent's conduct, including his alcohol abuse, constituted an emotional illness within the meaning of section 19-3-604(1)(b)(I)). Mother does not challenge this finding on appeal. And nothing in section 19-3-604(1)(b)(I) requires evidence of an "additional" illness, disorder, or disability to establish that mother was unfit. We therefore reject mother's argument.

¶ 17 Second, mother contends that the juvenile court erred because the Department, GAL, and CFY did not present testimony from "an expert witness qualified to opine on the treatability" of mother's alcohol use disorder. But mother directs us to no authority — and we are aware of none — requiring the moving party to present evidence from an expert witness to prove unfitness under section 19-3-604(1)(b)(I). *Cf. People in Interest of K.N.B.E.*, 2019 COA 157, ¶ 8 (noting that a court may not terminate parental rights in a case governed by the Indian Child Welfare Act, which doesn't apply

7

under these facts, without presenting evidence of a "qualified expert witness"). Instead, she merely notes that this court's published cases involving termination under section 19-3-604(1)(b)(I) typically include expert testimony. *See, e.g., C.Z.*, ¶ 52 ("[T]he psychologist opined that there were no services that could be implemented through a treatment plan that would enable father to reunify with the child."). But nothing in those opinions suggest that expert testimony is required. We are therefore unpersuaded by mother's contention.

¶ 18     We also agree with the Department, GAL, and CFY that section 19-3-604(1)(b)(I) does not require evidence of whether a parent's disorder is treatable. Rather, the statute requires evidence that, because of the "duration or nature" of the disorder, the parent cannot provide for the child's needs within a reasonable time. And we conclude that expert testimony from the caseworker, who was qualified as an expert in child protection casework at the dispositional hearing, along with lay testimony from maternal grandfather and the oldest child, provided the court with sufficient evidence to determine that the duration or nature of mother's alcohol use disorder prevented her from providing for the children's

needs within a reasonable time. *See C.Z.*, ¶ 52 (affirming the termination judgment based, in part, on the caseworker's testimony that "she was unaware of any services that could assist father with improving his condition").

¶ 19    Finally, mother argues that the juvenile court erred because the evidence showed that she had "responded to treatment in the past." To be sure, the record shows that mother had engaged in treatment, both outpatient and inpatient, several times over the past ten years, with varying degrees of success. But as mother concedes, the evidence also established that she had not completed a treatment plan or maintained her sobriety for very long. For example, the caseworker testified that, although mother would maintain sobriety while she was in residential treatment or incarcerated, she would immediately relapse once released. This pattern had continued for about ten years and had resulted in five prior dependency and neglect cases. The caseworker said that there were not any other services that the Department could provide mother, and if the Department developed a treatment plan in the present case, the plan would be identical to the other plans that mother had not successfully completed. *See People in Interest*

*of D.R.W.*, 91 P.3d 453, 457 (Colo. App. 2004) (noting that, by finding that no appropriate treatment plan can be devised, the court "avoid[s] the futility of proceeding with a treatment plan doomed to failure"). Therefore, sufficient evidence supported the juvenile court's no appropriate treatment plan finding, and it is not our role to reweigh the evidence or substitute our judgment for that of juvenile court. *See People in Interest of S.Z.S.*, 2022 COA 133, ¶ 29.

### III. Disposition

¶ 20 The judgment is affirmed.

JUDGE J. JONES and JUDGE MOULTRIE concur.