**John ARDOLINO, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

No. 01SC739.

Supreme Court of Colorado, En Banc.

May 12, 2003.

Patrick J. Mulligan, Denver, Colorado, Attorney for Petitioner.

Ken Salazar, Attorney General, Cheryl Hone, Assistant Attorney General, Denver, Colorado, Attorneys for Respondent.

Justice COATS delivered the Opinion of the Court.

John Ardolino petitioned for review of the unpublished court of appeals' decision upholding the denial of his motion for postconviction relief. The district court determined, without a hearing, that Ardolino's counsel had not been ineffective both because his representation did not fall outside the wide range of professionally competent assistance and because any errors made by his counsel did not result in prejudice to his case. Because we find that the motion, files, and record in the case were insufficient to establish either that the acts and omissions of counsel identified by the defendant were reasonable strategic choices or that they, in any event, did not prejudice his case, we remand for an evidentiary hearing on the allegations of the defendant's motion.

I.

The defendant, John Ardolino, was convicted of sexual assault on a child and contributing to the delinquency of a minor, for which he was sentenced to concurrent eleven-year terms in the custody of the department of corrections. The charges arose from an incident in July 1997, in which Ardolino was accused of providing alcohol to a ten-year-old girl and digitally penetrating her vagina. In the absence of physical evidence or other first-hand witnesses, the prosecution presented its case through the testimony of the child-victim; relatives, neighbors, and police officers to whom she or the defendant made statements; and the medical expert who examined her. The defense rested on a general denial, without presenting a case.

Prosecution witnesses testified to the effect that the defendant hired the victim to help with his landscaping business, as he had done with other children in the neighborhood. On the evening in question, after receiving permission to spend the night with the defendant's daughter, the victim drank beer offered to her by the defendant and became dizzy. When she responded in the negative to his question whether she had ever had cooking oil rubbed on her, the defendant retrieved a bottle of cooking oil from the kitchen and rubbed it on her stomach and then in her vagina. The victim told no one until a month or two later, when she was being told by an older friend about foreplay and exclaimed, "That's what John did to me!" When the victim resisted her friend's urging to tell her mother, the friend eventually told her own mother, who told the victim's mother, who in turn notified the police.

Although defense counsel did not present any witnesses on the defendant's behalf, he did cross-examine the prosecution witnesses and make argument. In particular, however, while questioning the medical expert who had examined the victim, defense counsel asked her about the veracity of child sexual assault victims and elicited from her an opinion that less than one percent of such allegations were false. Counsel repeated and emphasized this opinion both at the time and again in closing argument to the jury.

Following the jury verdicts, the defendant appealed his convictions to the court of appeals. During the pendency of his appeal, he was granted a limited remand to challenge, by motion for postconviction relief, the effectiveness of his counsel's assistance. His motion alleged that defense counsel was ineffective in his investigation of the alleged crime, voir dire of the jury, cross-examination of the victim and the prosecution's expert witness, and in failing to object during closing argument. The motion included the affidavit of an attorney, offered as a defense expert,

asserting that trial counsel's representation had been ineffective in these areas.

The district court denied the motion without hearing evidence to support the defendant's allegations, finding that they involved no disputed questions of fact but only issues of law. It further found the record sufficient to establish that defense counsel's alleged acts and omissions were reasonable strategic choices and that they did not prejudice the defendant, in part because the victim appeared highly believable.

The case was recertified to the court of appeals, which affirmed both the defendant's convictions and the district court's denial of his motion for postconviction relief. One member of the panel would have remanded for an evidentiary hearing on the allegations of the defendant's postconviction motion. We granted the defendant's petition for a writ of certiorari to review the denial of his claim of ineffective assistance of counsel.

## II.

A criminal defendant is constitutionally entitled to effective assistance from his counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Davis v. People*, 871 P.2d 769 (Colo. 1994). Because the purpose of the requirement of effective assistance is to ensure a fair trial, however, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S at 687, 104 S.Ct. 2052. To be entitled to reversal of a conviction as the result of defective assistance, a defendant must therefore show not only that his counsel's performance was deficient but also that the deficient performance prejudiced the defense. *Id.; People v. Cole*, 775 P.2d 551, 554 (Colo.1989).

The proper standard for attorney performance is that of reasonably effective assistance, and therefore the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052. Prevailing norms of practice can serve as guides to determine reasonableness, but no more than guides, because of the variety of circumstances faced by defense counsel and the range of legitimate decisions regarding how best to represent a criminal defendant. *Id.* at 688–89, 104 S.Ct. 2052. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. *Id.* at 690–91, 104 S.Ct. 2052; *People v. Rodriguez*, 914 P.2d 230, 298 (Colo.1996). Because a challenged action might be considered sound trial strategy under the circumstances of a particular case, judicial scrutiny of counsel's performance must be highly deferential, evaluate particular acts and omissions from counsel's perspective at the time, and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 698, 104 S.Ct. 2052.

Conflicts of interest claims aside, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *Id.* at 693, 104 S.Ct. 2052; *Rodriguez*, 914 P.2d at 294. Unlike the high standard for a new trial based on newly discovered evidence, a defendant, however, need not show that counsel's deficient conduct more likely than not altered the outcome in the case. *Strickland*, 466 U.S. at 693–94, 104 S.Ct. 2052. Rather, the appropriate test for prejudice finds its roots in the test for materiality of exculpatory information not disclosed to the defense by the prosecution, *see, e.g., Strickler v. Greene*, 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), and the materiality of testimony made unavailable by government deportation of a witness. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. This test requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* In this context, a reasonable probability means a probability sufficient to undermine confidence in the outcome. *Id.*

■ In light of the considerations potentially involved in determining ineffective assistance, defendants have regularly been discouraged from attempting to litigate their counsels' effectiveness on direct appeal. *People v. Thomas,* 867 P.2d 880, 886 (Colo. 1994); *Cummings v. People,* 785 P.2d 920, 927–28 (Colo.1990) (Vollack, J., concurring in part and dissenting in part); *cf. Massaro v. United States,* — U.S. —, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (rejecting any requirement to show cause and prejudice for raising ineffective-assistance claims in the first instance by postconviction motion, on grounds that district court is forum best suited to develop facts necessary to determine adequacy of representation during an entire trial). Even if the trial record reflects a seemingly unusual or misguided action by counsel, it may not reflect whether counsel had a sound strategic motive or took the action because his alternatives were even worse. *See Massaro,* — U.S. —, 123 S.Ct. 1690, 155 L.Ed.2d 714. Counsel's reasons for omissions are even less likely to be reflected in the trial record. *Id.* Furthermore, without additional factual development, an appellate court may not be able to ascertain whether particular alleged errors were prejudicial. *Id.*

■ The statutes and rules of this jurisdiction provide a criminal defendant with an adequate opportunity to develop the required record to establish ineffective assistance. *See* § 18–1–410, 6 C.R.S. (2002); Crim. P. 35(c). A motion for postconviction relief pursuant to Crim. P. 35(c) may be denied without an evidentiary hearing only where the motion, files, and record in the case clearly establish that the allegations presented in the defendant's motion are without merit and do not warrant postconviction relief. Crim. P. 35(c)(3); *see People v. Hutton,* 183 Colo. 388, 517 P.2d 392 (1973); *see also White v. Denver Dist. Court,* 766 P.2d 632 (Colo.1988). Because relief for ineffective assistance of counsel requires a criminal defendant to prove both deficient representation and prejudice, denial of the motion without a hearing is justified if, but only if, the existing record establishes that the defendant's allegations, even if proven true, would fail to establish one or the other prong of the *Strickland* test.

■ Undoubtedly it will sometimes be the case that the trial record reveals evidence of guilt so strong and so unlikely to have been adversely affected by counsel's alleged deficiencies that denial of an ineffective-assistance claim would be justified without an evidentiary hearing. Unless the issue was expressly litigated, however, it is far less likely that a trial record will demonstrate that potentially prejudicial acts or omissions of counsel were not only strategic choices but were ones that were reasonable in light of the law and facts of which counsel was, or reasonably should have been, aware. If a criminal defendant has alleged acts or omissions by counsel that, if true, could undermine confidence in the defendant's conviction or sentence, and the motion, files, and record in the case do not clearly establish that those acts or omissions were reasonable strategic choices or otherwise within the range of reasonably effective assistance, the defendant must be given an opportunity to prove they were not.

### III.

Rather than resting on a single ground for denial, both the district and appellate courts concluded that the record established the inadequacy of the defendant's allegations regarding both prongs of the *Strickland* test. The trial court denied a hearing on the grounds that there were no disputed questions of fact and that the defendant's motion raised only issues of law. It found that defense counsel's actions were strategic choices, even if poor ones, and that the evidence of the defendant's guilt was strong. The court of appeals found merely that the record supported the trial court's finding of tactical decisions and that, in any event, the evidence at trial would have been sufficient to overcome any doubts raised by the allegations.

■ With regard to the defendant's required showing of prejudice, the trial record reveals that this was not a case in which the evidence of guilt was, and would likely remain, so strong as to preclude any reasonable probability that the result would have

been different but for the identified acts and omissions of defense counsel. While perhaps not unexpected in a prosecution for child sexual assault, it is nevertheless the case that there was neither physically corroborating evidence of the sexual assault nor any first-hand witness of the crime other than the child-victim herself. The prosecution's case included no confessions or direct admissions by the defendant, and the outcry by the victim was both delayed and arguably reluctant. Although the prosecution presented some additional evidence of the defendant's opportunity to commit the assault, arguably conflicting statements by him about his relationship with the victim, and behavioral changes of the victim, the case against the defendant rested almost entirely upon the credibility of the victim.

While the trial court found that the victim appeared highly believable, the more significant question was whether she would have appeared believable but for the identified acts and omissions of defense counsel. The defendant's motion and its accompanying affidavit alleged that defense counsel failed to confront the victim with prior inconsistent statements about the act itself or to investigate further or present any of several other witnesses who had made statements about the victim's substance abuse and character for truthfulness. Significantly, the evidence elicited by defense counsel included an expert opinion, of at least questionable accuracy and admissibility, that was, on its face, strongly supportive of the child-victim's veracity in making her allegation of sexual assault.

Whether or not defense counsel's conduct was ultimately found to be prejudicial, this is not a case in which the trial record clearly established that it could not have been prejudicial. In this context, the defendant was not obliged to credibly allege that his counsel's shortcomings caused the conviction, in the sense that without them the defendant probably would not have been convicted.[1] The defendant was entitled to an evidentiary hearing as long as the allegations of his motion, in light of the existing record, were not clearly insufficient to undermine confidence in the outcome of the trial, by demonstrating a reasonable probability that but for counsel's challenged conduct, the defendant would not have been convicted.

With regard to defense counsel's performance, neither lower court suggested that counsel's acts and omissions were strategic choices made after complete investigation of the relevant facts and law, or that reasonable professional judgments supported the limitations counsel placed on his investigation. *See Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052. Nor would the existing record, by itself, have been sufficient to justify such a finding. While counsel's repetition of the expert's opinion about the veracity of child sexual assault allegations suggested a deliberate attempt to disparage it as fantastic, nothing in the record revealed the considerations or investigation leading him to elicit, and fail to contradict, such an opinion. Similarly, while it may be reasonable to view counsel's failure to cross-examine the child-victim about her prior inconsistent statements, or to introduce extrinsic evidence challenging her trustworthiness, as a deliberate attempt to avoid evoking sympathy for her, nothing in the record suggested that even if this were counsel's conscious choice, it was a reasonable choice, in light of the extent of his factual and legal investigation and his other "plausible options," *see id.* at 690, 104 S.Ct. 2052, for defending his client.

To establish ineffective assistance, the defendant was required to overcome the presumption that, under the circumstances, the challenged conduct of his counsel might be considered sound trial strategy. *Id.* at 689, 104 S.Ct. 2052. While strategic choices made after thorough investigation of the relevant law and facts are virtually unchallengeable,

---

1. Language from the rulings of both the district and appellate courts suggested some confusion about the appropriate standard of prejudice in the effective assistance context. In denying the defendant's motion without a hearing, the district court found that the "[d]efendant has come no where near establishing that [trial counsel's] mistakes or possible mistakes caused the verdict adverse to the defendant," and in affirming that judgment, the majority of the court of appeals found that "[t]he record does not reveal that the testimony of these witnesses would probably have changed the outcome of the trial."

*id.* at 690, 104 S.Ct. 2052, the extent of counsel's understanding of the relevant law and facts and his reasons for not investigating further are matters peculiarly within his personal knowledge. With regard to strategic choices, the credibility of defense counsel can be particularly important and is a matter to be resolved by the postconviction court. At least where the defendant was able to identify "seemingly unusual or misguided action" by his counsel, *Massaro,* —— U.S. ——, 123 S.Ct. 1690, 155 L.Ed.2d 714, and "plausible options," *Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052, for the defense of his client that counsel did not pursue, the defendant could not be deprived of an opportunity to prove those choices lacked any sound strategic motive, unless the existing record clearly established otherwise or those choices could not have been prejudicial in any event. The record in this case failed to clearly establish either.

### IV.

Because the motion, files, and record in this case were insufficient to establish either that the identified acts and omissions of counsel were all reasonable strategic choices or that they, in any event, did not prejudice the defendant, we reverse the judgment of the court of appeals and remand with directions to remand the matter to the district court for an evidentiary hearing on the defendant's motion for postconviction relief.