23CA0079 Peo v Chavez 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0079 Arapahoe County District Court Nos. 11CR690 & 11CR770 Honorable Joseph Whitfield, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Leroy James Chavez, Defendant-Appellant. ORDER AFFIRMED Division V Opinion by JUDGE BROWN Harris and Lum, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Philip J. Weiser, Attorney General, Brittany Limes Zehner, Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee Leroy James Chavez, Pro Se 
1 ¶ 1 Defendant, Leroy James Chavez, appeals the postconviction court’s denial of his Crim. P. 35(c) motion alleging (1) newly discovered evidence that an appellate judge was biased against him and (2) ineffective assistance of counsel for failure to raise the bias claim. We affirm. I. Background ¶ 2 In 2011, Chavez was charged with multiple felony and misdemeanor offenses arising from two incidents during which he assaulted his girlfriend, who was then in the process of divorcing her husband. The jury returned guilty verdicts on all counts. ¶ 3 On direct appeal, a divided division of this court corrected the classification of one misdemeanor conviction but otherwise affirmed Chavez’s convictions and sentences. People v. Chavez, (Colo. App. No. 12CA2517, Feb. 11, 2016) (not published pursuant to C.A.R. 35(f)). Now-former Judge Laurie Booras authored the majority opinion. After the supreme court denied Chavez’s petition for certiorari review, the mandate issued on January 9, 2017. ¶ 4 On January 26, 2017, Chavez filed his first Crim. P. 35(c) motion asserting several claims of ineffective assistance of trial counsel. After an evidentiary hearing, the postconviction court 
2 denied Chavez’s motion in a short oral ruling, finding that Chavez had failed to corroborate his claims with credible evidence that his lawyers were ineffective. Another division of this court affirmed. People v. Chavez, (Colo. App. No. 17CA2122, June 18, 2020) (not published pursuant to C.A.R. 35(e)). Chavez did not petition for certiorari review, and the mandate issued on September 18, 2020. ¶ 5 Meanwhile, Judge Booras was publicly censured and resigned in 2019, based in part on her use of inappropriate racial epithets in communications with a romantic partner, including racially derogatory references to a Latina colleague and her ex-husband’s new wife, who was Native American. In re Booras, 2019 CO 16, ¶ 8. On August 9, 2021, Chavez filed a second pro se Crim. P. 35(c) motion, alleging that Judge Booras had been biased against him based on his race and the similarities between her situation and the facts of his case.
1 He argued that his claim was not time barred or successive because postconviction appellate counsel was ineffective 1 Chavez argued that facts reported in the Denver Post article about Judge Booras were similar to facts underlying his case — namely, that Judge Booras’ romantic partner was trying to leave her like he was trying to leave the victim. 
3 for not raising it during his earlier Crim. P. 35(c) proceedings.
2 The postconviction court summarily denied his motion as successive. II. Standard of Review ¶ 6 A postconviction court may deny a Crim. P. 35(c) motion without a hearing when the motion, files, and record clearly establish that the allegations presented in the motion do not warrant relief. Crim. P. 35(c)(3)(IV); Ardolino v. People, 69 P.3d 73, 77 (Colo. 2003). ¶ 7 We review de novo a postconviction court’s denial of a defendant’s motion for postconviction relief without a hearing. People v. Cali, 2020 CO 20, ¶ 14; see also People v. Duran, 2015 COA 141, ¶ 10 (“Whether a postconviction motion states a claim for relief is generally a legal determination we review de novo.”). We may affirm the court’s ruling on any ground supported by the record, even if that ground was not articulated or considered by the court. People v. Manyik, 2016 COA 42, ¶ 69. 2 Chavez refers to postconviction appellate counsel interchangeably as “appellate counsel” and “postconviction counsel.” Given the timing of his claims and the name of the attorney, Chavez must be referring to counsel who represented him in his appeal from the denial of his first Crim. P. 35(c) motion. 
4 III. Bias Claim ¶ 8 Chavez contends that Judge Booras was biased against him on his direct appeal and that such “evidence was discovered after the trial and could [not have] been known through due diligence.” We conclude that his claim is time barred. ¶ 9 Postconviction motions that collaterally attack felony convictions like Chavez’s under Crim. P. 35(c) must be filed within three years following the conviction. § 16-5-402(1), C.R.S. 2023 (setting the time limit as three years for all felonies other than class 1 felonies). The three-year period begins once a defendant’s conviction is final — that is, when the mandate issues after a defendant exhausts direct appeal remedies. Hunsaker v. People, 2021 CO 83, ¶ 36; see also People v. Stanley, 169 P.3d 258, 259 (Colo. App. 2007) (“[A] conviction is final when the [state] supreme court denies the defendant’s petition for a writ of certiorari and the mandate issues.”). ¶ 10 Because Chavez’s conviction became final on January 9, 2017, when the supreme court denied his petition for writ of certiorari, he had until January 9, 2020, to file a timely Crim. P. 35(c) motion. Chavez did not file the motion at issue until August 9, 2021. 
5 ¶ 11 A Rule 35(c) motion filed after the three-year period expires must allege facts that, if true, would establish one of the exceptions to the time limit set forth in section 16-5-402(2). See Crim. P. 35(c)(3)(I). One such exception exists for cases in which the failure to seek timely relief was the result of circumstances amounting to justifiable excuse or excusable neglect. § 16-5-402(2)(d). If an untimely Rule 35(c) motion does not allege facts that would establish justifiable excuse or excusable neglect, the postconviction court may deny the motion without a hearing. People v. Worosello, 2019 COA 166, ¶ 35. We review de novo whether the defendant’s motion alleged facts that, if true, constitute justifiable excuse or excusable neglect. Id. ¶ 12 In his postconviction motion, Chavez alleged that evidence of Judge Booras’ disciplinary proceedings became public when the Denver Post published the disciplinary complaint against her in March 2018. Chavez also alleged that Judge Booras was publicly censured in March 2019. On appeal, Chavez admits that he learned of this “new evidence” in March 2018, well within the three-
year period he had to file a timely Rule 35(c) motion. Yet Chavez did not file his Rule 35(c) motion until August 2021 — more than a 
6 year and a half beyond the statutory deadline and over three years after he learned the information about Judge Booras giving rise to his claim of bias.
3 ¶ 13 Chavez fails to explain why he was unable to file his Rule 35(c) motion between March 2018 and January 2020, when the statutory time period to file the motion expired. He also fails to explain the more than three-year delay between when he learned of Judge Booras’ misconduct and when he filed the underlying motion. See People v. Wiedemer, 852 P.2d 424, 441 (Colo. 1993) (courts “consider the circumstances existing throughout the entire period from the inception of the conviction in question” when evaluating justifiable excuse or excusable neglect). We conclude that Chavez failed to allege facts that, if true, amount to justifiable excuse or excusable neglect for the late filing. Consequently, his claim that 3 We note that Chavez did not allege any facts suggesting that Judge Booras was biased against him specifically or committed misconduct related to his case. See People in Interest of A.P., 2022 CO 24, ¶ 30 (“The record must clearly demonstrate the alleged bias.”). 
7 Judge Booras was biased when resolving his direct appeal is time barred.
4 ¶ 14 Nonetheless, Chavez argues that postconviction appellate counsel was ineffective for failing to add a judicial bias claim to the appeal of his first Crim. P. 35(c) motion. Reading his claim liberally, see People v. Bergerud, 223 P.3d 686, 697 (Colo. 2010), we understand Chavez to argue that he could not have known that postconviction appellate counsel had been ineffective until the appeal of his first Crim. P. 35(c) motion was resolved in September 2020, which amounts to justifiable excuse or excusable neglect for not bringing that claim by January 2020. We turn to that question next. 4 The postconviction court denied Chavez’s motion as successive based on the court of appeals’ “affirmed judgment.” While a court must deny as successive any claim that could have been presented in a prior appeal or postconviction proceeding, Crim. P. 35(c)(3)(VII), the claim in the underlying motion arguably could not have been raised in Chavez’s direct appeal or in his 2017 postconviction motion because evidence of Judge Booras’ misconduct was not made public until 2018. As a result, Chavez’s motion was not successive. We nonetheless affirm the postconviction court’s ruling because the motion was untimely. See People v. Manyik, 2016 COA 42, ¶ 69. 
8 IV. Ineffective Assistance of Counsel Claim ¶ 15 Chavez contends that he received ineffective assistance of counsel because he asked the attorney who represented him in the appeal of his first Crim. P. 35(c) motion to add a judicial bias claim based on Judge Booras’ misconduct, but counsel “wrote him a letter telling him he should file a second 35(c) raising these claims, even though his first 35(c) had not been ruled on.” Chavez contends this advice amounts to deficient performance. ¶ 16 While ineffective assistance of counsel may constitute justifiable excuse or excusable neglect, see People v. Valdez, 178 P.3d 1269, 1278 (Colo. App. 2007), to prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel’s performance was deficient, and (2) the deficient performance prejudiced the defense, Strickland v. Washington, 466 U.S. 668, 687 (1984); Dunlap v. People, 173 P.3d 1054, 1062-63 (Colo. 2007). ¶ 17 Here, postconviction appellate counsel’s advice was correct. She could not add a bias claim to the pending appeal because Chavez had not raised the issue in his first Rule 35(c) motion. When a defendant does not raise an issue in a postconviction 
9 motion, the issue is not properly preserved for appellate review. People v. Huggins, 2019 COA 116, ¶ 17. Indeed, had Chavez followed postconviction appellate counsel’s advice, he could have filed his postconviction motion before the three-year statutory deadline expired.
5 ¶ 18 Because Chavez failed to sufficiently allege deficient performance, he failed to allege a viable claim for ineffective assistance of counsel. See Strickland, 466 U.S. at 687. Consequently, Chavez failed to allege any facts that would amount to justifiable excuse or excusable neglect for not timely asserting his claims. See Worosello, ¶ 35. As a result, the postconviction court did not err by denying Chavez’s motion in a written order without a hearing. See Ardolino, 69 P.3d at 77; Manyik, ¶ 69. V. Disposition ¶ 19 The order is affirmed. JUDGE HARRIS and JUDGE LUM concur. 5 The record is not clear as to when Chavez spoke to postconviction appellate counsel about adding a judicial bias claim, but the appeal of his first Crim. P. 35(c) motion was filed in November 2017 and fully briefed by August 2019. See People v. Sa’ra, 117 P.3d 51, 56 (Colo. App. 2004) (“A court may take judicial notice of the contents of court records in a related proceeding.”).