23CA0097 Peo v Kuntz 03-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0097
Larimer County District Court No. 13CR429
Honorable Sarah B. Cure, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael Allen Kuntz,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Brown and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 20, 2025

Philip J. Weiser, Attorney General, Gabriel P. Olivares, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Robert P. Borquez, Alternate Defense Counsel, Denver, Colorado, for
Defendant-Appellant

¶ 1     Defendant, Michael Allen Kuntz, appeals the district court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

## I.     Background

¶ 2     The People charged Kuntz with two counts of sexual assault on a child, one count of sexual assault on a child by one in a position of trust, one count of sexual assault on a child committed as part of a pattern of abuse, one count of sexual assault, and three habitual sex offender against children counts. A jury found Kuntz guilty as charged on all the non-habitual offender counts, and Kuntz admitted the habitual offender counts. The district court sentenced him to a controlling indeterminate term of forty-eight years to life in the custody of the Department of Corrections (DOC).

¶ 3     A division of this court affirmed in part, reversed in part, and vacated in part the judgment of conviction and sentences, and dismissed the appeal in part. *See People v. Kuntz*, (Colo. App. No. 14CA1448, Nov. 30, 2017) (not published pursuant to C.A.R. 35(e)). Specifically, the division vacated one sexual assault on a child conviction, vacated the sentences imposed on two other convictions,

reversed the habitual criminal adjudication, and remanded the case for further proceedings.

¶ 4     On remand, the prosecution conceded that it could not prove the habitual criminal counts, and the district court resentenced Kuntz to a controlling indeterminate term of twenty-four years to life in DOC custody. The court thereafter denied Kuntz's Crim. P. 35(b) motion for a reduction of his sentence.

¶ 5     Subsequently, Kuntz filed a Crim. P. 35(c) motion, which appointed counsel supplemented, in which he asserted ineffective assistance of trial counsel claims. As relevant here, Kuntz asserted that trial counsel provided ineffective assistance by not introducing evidence that he was incarcerated in Wyoming between March 2005 and July 2008, which would have belied the victim's testimony that the sexual assaults began in 2007. He also asserted that counsel provided ineffective assistance by not introducing evidence that he didn't move into a particular house until 2010, which would have belied the victim's statement during a recorded forensic interview that the first sexual assault occurred in the house. Kuntz argued that, had counsel introduced this evidence to undermine the

victim's testimony as to the timing and location of the first assault, the victim's credibility would have been effectively called into question and the result of the trial would have been different.

¶ 6    After an evidentiary hearing, the postconviction court denied the motion in a thorough written order. The court made conflicting findings as to whether trial counsel's performance was deficient but ultimately concluded that Kuntz wasn't prejudiced by any such deficiencies.

¶ 7    With regard to prejudice, the postconviction court noted that the testimony regarding the timeline of the underlying acts was "uncertain," "unsteady," and "inconsistent" and that, therefore, "the timeline of the events was quite fluid," "unclear," and "not concrete." Accordingly, the court determined that introducing additional evidence to undermine the victim's timeline wouldn't have produced a different result.

## II.    Legal Authority and Standard of Review

¶ 8    "A criminal defendant is constitutionally entitled to effective assistance from his counsel." *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003). "[T]o prevail on an ineffective assistance of counsel

3

claim, a defendant must prove that 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense." *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007). The failure to prove either of these two prongs defeats an ineffective assistance claim. *People v. Thompson*, 2020 COA 117, ¶ 50.

¶ 9     To establish deficient performance, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[J]udicial scrutiny of counsel's performance must be highly deferential, evaluate particular acts and omissions from counsel's perspective at the time, and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Ardolino*, 69 P.3d at 76.

¶ 10    To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

4

¶ 11    "Both prongs of the ineffectiveness inquiry present mixed questions of law and fact." *Dunlap*, 173 P.3d at 1063. "When reviewing a postconviction court's findings on a mixed question of law and fact, we defer to the court's findings of fact if they are supported by the record but review legal conclusions de novo." *Id.* Also, "[t]he postconviction court determines the weight and credibility to be given to the testimony of witnesses in a Crim. P. 35(c) hearing." *People v. Washington*, 2014 COA 41, ¶ 17.

### III.    Analysis

¶ 12    Kuntz contends that the postconviction court erred by finding that he failed to establish a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Specifically, he notes that the evidence presented at trial was not overwhelming and that the victim's testimony — the only direct evidence of the sexual assaults — described a timeline of the underlying acts that changed throughout the trial and was inconsistent with his forensic interview statements.

¶ 13    Assuming, without deciding, that trial counsel's failure to introduce evidence of Kuntz's incarceration or residence was deficient performance, we agree with the postconviction court that this deficiency didn't establish a reasonable probability that the outcome of the proceeding would have been different.

¶ 14    As the postconviction court found, Kuntz's trial counsel highlighted for the jury the victim's inconsistent retelling of the underlying events.  The victim admitted multiple times that he didn't remember exactly when the underlying events occurred and, in particular, when the first assault occurred.  Indeed, during the forensic interview and at trial, the victim inconsistently said that the first assault may have occurred in either 2007, 2008, or 2009.

¶ 15    Additionally, trial counsel elicited testimony that emphasized other factual discrepancies between the victim's trial testimony and his forensic interview statements.  The victim admitted that he provided details at a second forensic interview and at trial that he didn't mention in the first interview.  A child victim trauma expert testified that it isn't uncommon for a child victim to remember more

details over time, leading to different accounts of the underlying events.

¶ 16    Moreover, a sheriff from Wyoming testified regarding a sexual assault that Kuntz had committed against a child in that state. The prosecution argued to the jury that the details of that case were consistent with, and thus corroborated, the victim's account of Kuntz's grooming and assaultive behavior in the underlying case.

¶ 17    Furthermore, a detective investigating the underlying events in this case recounted certain statements Kuntz made during an interview with her. When the detective told Kuntz she was working on a case involving the victim, Kuntz responded, "So you're here about a sexual assault." The detective asked Kuntz to tell her what happened, to which Kuntz said that "he would like to speak with [her] about [the victim], but he was concerned about the consequences of what that conversation would lead to." Kuntz didn't deny assaulting the victim.

¶ 18    The detective testified that Kuntz said "a few times throughout the interview that [the victim] was not a liar; that [the victim] deserved closure; that he wanted to provide [the victim] with

closure; [and] that he wanted to provide [the detective] with a full statement, but, again, . . . was worried about the consequences." Kuntz said that he wouldn't make the victim testify and that he would provide the detective with a full statement soon. Kuntz also told the detective that she "needed to prepare [her]self emotionally for the damage that [she] was going to experience after hearing what [Kuntz] had to say" and that "he would go through his entire history with every child he had been involved with and in detail and not hold anything back." The detective said that Kuntz then told her about grooming behavior and assaults he committed against three other children.

¶ 19 During closing argument, trial counsel told the jury that "the prosecution has presented no evidence that Mr. Kuntz committed these crimes other than the word of [the victim]" and that one of the "thing[s] [he] hope[d] [the jury would] take[] from this trial . . . is that [the victim] is lying." Counsel highlighted the victim's changing testimony and the inconsistencies between his testimony and his forensic interview statements. Counsel concluded his argument by reiterating that the victim's account wasn't credible.

¶ 20     At the postconviction evidentiary hearing, trial counsel testified that the victim was young at the time these crimes occurred and that "hammering a [child] for not remembering the exact date of when something started would not be fruitful at all." Counsel explained that attorneys have to be careful with how they examine sex offense victims because, "[i]f you go in there and just start hammering on the victim, you might get them to say some things that might help your case, but you will lose the jury because they will look at you like a monster."

¶ 21     Based on this record, we conclude that the postconviction court didn't err by finding that there wasn't a reasonable probability that, had counsel elicited more inconsistencies in the victim's timeline of the sexual assaults, the result of the trial would have been different.  Importantly, the evidence that was admitted at trial, and trial counsel's closing argument, highlighted the obvious inconsistencies in the victim's recollection of the underlying assaults, and the jury nevertheless convicted Kuntz of the charged offenses.  Kuntz didn't establish why the jury would have reached a different verdict if it had heard more evidence demonstrating

inconsistencies in the victim's testimony. *See Carmichael v. People*, 206 P.3d 800, 807 (Colo. 2009) (a defendant's self-serving claim of prejudice is insufficient without some objective, corroborating evidence), *overruled on other grounds as recognized by People v. Delgado*, 2019 COA 55, ¶ 1; *People v. Villanueva*, 2016 COA 70, ¶ 67 (A defendant "must do more than simply allege that other evidence could have aided [their] defense; [they] must identify the evidence and demonstrate that it would have advanced [their] defense.").

¶ 22   Lastly, Kuntz takes issue with the postconviction court's finding that he didn't suffer prejudice from counsel's failure to introduce additional evidence to undermine the timeline because the prosecution could have amended the complaint to make the date range conform to the evidence. He argues that allowing such an amendment in the middle of trial would have been an abuse of discretion because it would have impaired his counsel's ability to "poke holes" in the victim's testimony about the timeline of events, and his only defense was that the jury shouldn't believe the victim.

¶ 23    We agree that the court's rationale for relying on the prosecution's theoretical ability to amend the charge isn't clear. Nevertheless, because we have concluded on other grounds that Kuntz was not prejudiced by trial counsel's performance, we don't need to rely on the postconviction court's prejudice finding based on a possible amendment to the complaint.

## IV.    Disposition

¶ 24    The order is affirmed.[1]

JUDGE BROWN and JUDGE YUN concur.

---

[1] We regard as abandoned any claim not reasserted on appeal. *See People v. Brooks*, 250 P.3d 771, 772 (Colo. App. 2010).