23CA0422 Peo v Spencer 09-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0422
El Paso County District Court No. 13CR3449
Honorable William H. Moller, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Larry E. Spencer, Jr.,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Kuhn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 4, 2025

---

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Tanja Heggins, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant

¶ 1    Defendant, Larry E. Spencer, Jr., appeals the district court's

order denying his Crim. P. 35(c) motion for postconviction relief.

We affirm.

## I.    Background

¶ 2    The People charged Spencer with first degree murder after

deliberation, first degree murder (extreme indifference), possession

of a weapon by a previous offender, and three habitual criminal

counts.  (The People later dismissed the habitual criminal counts.)[1]

The charges arose out of a melee outside a nightclub during which

Spencer shot and killed one of the participants.

¶ 3    At trial, Spencer's defense was that someone else had shot the

victim.  A jury rejected Spencer's alternative suspect theory and

found him guilty as charged.  A division of this court affirmed the

judgment of conviction on appeal.  *People v. Spencer,* (Colo. App.

No. 14CA0860, Mar. 30, 2017) (not published pursuant to C.A.R.

35(e)).

¶ 4    Spencer, proceeding pro se, timely filed a Rule 35(c) motion

asserting several claims.  The postconviction court reviewed the

---

[1] The People also charged Spencer with two crime of violence
sentence enhancers.  The jury found him guilty on those counts.

motion and summarily denied the claim alleging that the trial judge made a remark to Spencer in a previous case that showed he wasn't impartial. The court ordered the district attorney to respond to the motion in writing. After the district attorney did so, the court appointed alternate defense counsel (ADC) to represent Spencer. ADC filed a supplemental motion for postconviction relief clarifying and expanding on Spencer's claims.

¶ 5 Following an evidentiary hearing, the court issued a written order denying Spencer's motion, as supplemented, in its entirety. That order addressed the merits of the three claims Spencer pursued at the hearing. The court deemed abandoned any other claims raised in the motion.

## II.    Discussion

¶ 6 Spencer contends that the postconviction court erred by (1) failing to deliver a "complete" copy of his motion to ADC after not summarily denying it in its entirety; (2) rejecting two of his ineffective assistance of counsel claims on the merits; and (3) deeming abandoned the claims he didn't pursue at the evidentiary hearing. We address and reject these contentions in turn.

## A. Violation of Crim. P. 35(c)(3)(V)

¶ 7　　Crim. P. 35(c)(3)(V) provides that if the postconviction court doesn't deny a postconviction motion without a hearing under Crim. P. 35(c)(3)(IV), "the court shall cause a complete copy of said motion to be served on the prosecuting attorney if one has not yet been served by counsel for the defendant." It goes on to require the court to serve a complete copy of the motion on the Public Defender (if, as in this case, the defendant requested appointed counsel). If the Public Defender determines that there is a conflict, the court should appoint ADC and ADC must review the motion and may add any claims counsel finds to have arguable merit. After the prosecution responds to the motion (including any supplement), the court must determine whether a hearing is warranted on any of the claims.

¶ 8　　Relying on several decisions by divisions of this court and the Colorado Supreme Court's more recent decision in *People v. Segura*, 2024 CO 70, Spencer contends that the postconviction court erred by failing to forward a complete copy of the motion — that is, one including the judicial bias claim — to the prosecution and ADC. He asserts that the appropriate remedy for this error is to "put the train back on the tracks at the point it derailed" and refer a

3

complete copy of the motion to ADC. It appears that Spencer wants a complete do-over — a new opportunity for ADC to supplement the motion and a new evidentiary hearing.

¶ 9     We conclude, however, that even if the court erred, any error was harmless.

¶ 10    In *Segura,* the court held that when the postconviction court determines that at least one claim in a pro se Rule 35(c) motion has arguable merit, it must grant the defendant's request for appointment of counsel (assuming the defendant qualifies) and must forward a complete copy of the motion to the prosecution and the Public Defender. At that point, the other requirements and procedures of subsection (c)(3)(V) kick in. *Id.* at ¶¶ 7, 26. The supreme court ordered the postconviction court to allow postconviction counsel to review the claims that hadn't been adjudicated, supplement the existing claims counsel determined to have arguable merit, and add any claims that in counsel's view had arguable merit. *Id.* at ¶ 39.

¶ 11    But *Segura* doesn't support imposition of the remedy Spencer seeks in this case. In *Segura,* the postconviction court summarily denied ten of eleven claims asserted in the defendant's motion and

appointed a public defender only on the one remaining claim.  The court didn't allow appointed counsel to proceed on the denied claims or to supplement the motion.  *Id.* at ¶ 13.

¶ 12    In this case, in contrast, the court summarily denied one claim (among many), appointed counsel to represent Spencer, allowed ADC to supplement the claims asserted in Spencer's pro se motion, didn't deny ADC the ability to add new claims, and held an evidentiary hearing open to all remaining claims.  So, except as to the judicial bias claim, Spencer received the benefit of all procedures and protections contemplated by the rule.  We note that in *Segura*, the supreme court ruled that the defendant wasn't entitled to a do-over on the one claim that had been fully adjudicated.  *Id.* at ¶ 39.  Spencer's desired remedy can't be squared with that ruling.

¶ 13    As for the judicial bias claim, it is clearly successive.  It is based on a remark allegedly made by the trial judge in another case before this case was even commenced.  Thus, Spencer could have raised it during the trial court proceedings or direct appeal.  Because he didn't, the postconviction court was required to deny it.  Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could

5

have been presented in an appeal previously brought . . . .").  There wasn't anything ADC could have done to save that claim, and Spencer doesn't contend otherwise.  Indeed, Spencer doesn't challenge the People's argument that the judicial bias claim was successive.

¶ 14    In sum, if the court erred, the error was harmless.  Spencer wasn't prejudiced at all by the error: he received the process under Rule 35(c)(3)(V) to which he was entitled.

### B.    Ineffective Assistance of Counsel

¶ 15    Next, Spencer challenges the postconviction court's denials of his claims that his trial counsel provided ineffective assistance of counsel by (1) failing to have an eyewitness identification expert testify at trial; and (2) misadvising him that, if he testified, the prosecutor could cross-examine him about previous arrests, not just convictions.

#### 1.    Applicable Law and Standard of Review

¶ 16    "[T]o prevail on an ineffective assistance of counsel claim, a defendant must prove that 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense."  *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007).  The failure to prove

either of these two prongs defeats an ineffective assistance claim. *People v. Thompson*, 2020 COA 117, ¶ 50.

¶ 17     To establish deficient performance, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[J]udicial scrutiny of counsel's performance must be highly deferential, evaluate particular acts and omissions from counsel's perspective at the time, and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003).

¶ 18     To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

¶ 19     "Both prongs of the ineffectiveness inquiry present mixed questions of law and fact." *Dunlap*, 173 P.3d at 1063. "When reviewing a postconviction court's findings on a mixed question of law and fact, we defer to the court's findings of fact if they are

7

supported by the record but review legal conclusions de novo." *Id.*
Also, "[t]he postconviction court determines the weight and credibility to be given to the testimony of witnesses in a Crim. P. 35(c) hearing." *People v. Washington*, 2014 COA 41, ¶ 17; *accord Dunlap*, 173 P.3d at 1061-62.

### 2. Analysis

#### a. Eyewitness Identification Expert

¶ 20    Spencer's supplemental motion asserted that trial counsel provided ineffective assistance by failing to call an eyewitness identification expert.[2]  At the hearing, Dr. Edie Greene testified as an expert in the "psychology of eyewitness memory."  And she testified about various factors that can affect a person's memory of an event and the "weak connection with accuracy" of eyewitness identifications.  She testified as to potential problems with eyewitnesses' testimony in this case, mostly having to do with "weapon focus," the interval between the event and statements to

---

[2] The supplemental motion also asserted other ineffective assistance in connection with the eyewitness identifications, but Spencer doesn't pursue those issues on appeal, and therefore we deem them abandoned.  *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996); *People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007).

the police or others, and repeated exposure to images purporting to show the defendant. On cross-examination, however, Dr. Greene acknowledged her unfamiliarity with the totality of the evidence, going so far as to admit that she hadn't been provided with any of the evidence corroborating the eyewitnesses' accounts.

¶ 21    Randy Canney testified as an expert in criminal defense. He opined that Spencer's trial attorney's failure to call an eyewitness identification expert constituted ineffective assistance. But he based that opinion only on his view of the "standard of practice" at the time of trial and "the specific nature of this case." He didn't tie his opinion to any specific evidence that was presented at trial. And on cross-examination, Canney admitted that he wasn't familiar with all the evidence in the case; that, although he had tried 160 cases as defense counsel, he had never called an eyewitness identification expert; and that much of the evidence against Spencer was "outside the purview" of an identification expert's expertise.

¶ 22    Spencer's trial attorney testified that, when he represented Spencer, he didn't believe an eyewitness identification expert was needed because there wasn't "an identification of the type that an eyewitness ID expert would have been helpful for." And he said

that, based on his knowledge of Dr. Greene, she wouldn't have agreed to testify in this case because the evidence wouldn't show "a bad identification."

¶ 23 In ruling on this claim, the postconviction court pointed out that Dr. Greene wasn't familiar with much of the evidence in the case and that she hadn't addressed "how her opinions would be applicable in a case like the present one in which multiple individuals identified the defendant nor did she address the issue in this case where some of the witnesses had observed the defendant over a relatively lengthy period of time." The court also relied on trial counsel's testimony and the facts of the case with which trial counsel was confronted, including that numerous witnesses, camera footage, and physical evidence tied Spencer to the scene and the shooting. The court concluded that this claim failed both prongs of the *Strickland* test.

¶ 24 We agree with the postconviction court. In short, Spencer's presentation on this claim at the postconviction hearing had too many holes in it to justify the conclusion that trial counsel's decision not to call an eyewitness identification expert was anything other than a legitimate strategic decision — the kind that is

"virtually unchallengeable." *Ardolino*, 69 P.3d at 76. Given that our assessment of trial counsel's performance must be "highly deferential," *id.*, we can't say that trial counsel's decision fell below an objective standard of reasonableness.

b. Advice Regarding Whether to Testify

¶ 25 Relying entirely on his own testimony at the hearing that his trial attorney told him that if he testified at trial, the prosecution could bring up his past arrests, and not just his convictions, Spencer contends that the postconviction court erred by finding that trial counsel hadn't misadvised him about his right to testify at trial. But the postconviction court expressly found Spencer's testimony on this point not credible. Rather, the court credited the testimony of trial counsel, who said he would never have told Spencer that evidence of his arrests would come in at trial if Spencer testified.

¶ 26 Spencer argues, however, that the postconviction court's credibility determinations were clearly erroneous because "there was no documentation in the public defender's trial [sic] that corroborated counsel's testimony." But there was no corroboration of Spencer's testimony either. In any event, a fact finder isn't

11

precluded from finding a witness's testimony credible when there is a lack of corroborating evidence. *See, e.g.*, *Kogan v. People*, 756 P.2d 945, 951 (Colo. 1988) (testimony of the victims, if accepted as true, provided sufficient evidence for conviction on charges of sexual assault on a child), *abrogated on other grounds by*, *Erickson v. People*, 951 P.2d 919, 923 (Colo. 1998). In the end, Spencer asks us to weigh the relevant witnesses' credibility. That was the postconviction court's job; it isn't ours. *Dunlap*, 173 P.3d at 1061-62; *Washington*, ¶ 14.

## C.    Abandoned Issues

¶ 27    Last, Spencer contends that the postconviction court erred by ruling that any issues raised in his motion and supplemental motion that he didn't pursue at the evidentiary hearing were waived. We disagree.

¶ 28    In *People v. Smith*, 2024 CO 3, the Colorado Supreme Court held that where trial counsel is appointed to represent a defendant in a Rule 35(c) proceeding, and counsel doesn't pursue claims the defendant had included in his pro se motion, those claims are deemed abandoned. *Id.* at ¶¶ 19-20. In so holding, the court expressly observed that postconviction counsel in that case hadn't

12

addressed the omitted pro se claims at the hearing on the motion. *Id.* at ¶ 19.

¶ 29    In this case, the court held an evidentiary hearing on the motion and supplemental motion. But Spencer's appointed counsel didn't present evidence on a number of claims.

¶ 30    Spencer says the postconviction court erred by concluding that the claims (he identifies four) were abandoned because his attorney filed a motion for reconsideration after the court entered its written order, in which counsel asserted that the claims hadn't been abandoned. But that was too late: the time for presenting those claims, and evidence to support them, was at the hearing.

¶ 31    In his reply brief, Spencer's counsel urges us not to follow *Smith*. But as counsel must know, we must follow that decision. *People v. Smith*, 183 P.3d 726, 729 (Colo. App. 2008).[3]

### D.    Claims Not Reasserted on Appeal

¶ 32    To the extent Spencer asserted claims below that he doesn't reassert on appeal, we deem those claims abandoned. *People v.*

---

[3] The People also correctly point out that because Spencer didn't present evidence to support these claims at the hearing, Spencer necessarily failed to meet his burden of proof as to these claims.

*Rodriguez*, 914 P.2d 230, 249 (Colo. 1996); *People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007).

### III.  Disposition

¶ 33    The postconviction court's order is affirmed.

JUDGE KUHN and JUDGE MOULTRIE concur.