25CA0116 Peo v Stone 04-09-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0116
City and County of Denver District Court No. 94CR902
Honorable Karen L. Brody, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Dale Stone,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lum and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 9, 2026

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Dale Stone, Pro Se

¶ 1     Defendant, Dale Stone, appeals the district court's order denying Stone's most recent postconviction motion. We affirm.

## I.     Background

¶ 2     In 1995, a jury found Stone guilty of eight felony counts arising from Stone's robberies and sexual assaults of two women. The jury subsequently found that the prosecution had proved the elements of seven habitual criminal counts beyond a reasonable doubt. The district court imposed an aggregate 192-year prison sentence, with the sentences for each conviction set at four times the maximum of the presumptive range under sections 16-13-101(2) and 18-1-105(1)(a)(V)(A), C.R.S. 1994.

¶ 3     A division of this court affirmed the judgment of conviction and sentence on direct appeal. *People v. Stone*, (Colo. App. No. 95CA0895, Apr. 3, 1997) (not published pursuant to C.A.R. 35(f)). In 1999, Stone filed a Crim. P. 35(c) motion for postconviction relief, but the record doesn't reflect a ruling on that motion. In 2021, Stone filed a second Crim. P. 35 motion. The district court denied the motion, and a division of this court affirmed. *People v. Stone*, (Colo. App. No. 21CA1351, May 25, 2023) (not published pursuant to C.A.R. 35(e)).

¶ 4　　In 2025, Stone filed the motion that is the subject of this appeal, titled "Motion to Dismiss Habitual Counts." Stone argues, as now relevant, that (1) four of the seven habitual criminal counts should have been presented as one to the jury because they arose from one continuous criminal episode and (2) the district court should consider the merits of the untimely claim in light of the recent announcement of *Erlinger v. United States*, 602 U.S. 821 (2024). The district court denied the motion without a hearing. We agree with the district court that Stone's motion is time barred and no exceptions apply. *See* Crim. P. 35(c)(I); § 16-5-402, C.R.S. 2025.

## II.　Discussion

¶ 5　　At the outset, we reject Stone's argument that the district court erred by deciding the motion under Crim. P. 35 despite its title. Collateral attacks on a habitual criminal adjudication are properly raised as Crim. P. 35(c) claims and are subject to the procedural limitations of that rule. *People v. Hampton*, 876 P.2d 1236, 1242 (Colo. 1994); *see People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006) (the substance of a postconviction motion controls its designation under Crim. P. 35).

### A. Applicable Law and Standard of Review

¶ 6　　In *Erlinger*, the Supreme Court clarified that under the Fifth and Sixth Amendments, whether a criminal defendant's prior convictions were committed on different occasions is the sort of fact-laden question that a jury must decide. *Erlinger*, 602 U.S. at 834-35; *see People v. Gregg*, 2025 CO 57 (interpreting Colorado's habitual criminal sentencing scheme in light of *Erlinger*).

¶ 7　　A Crim. P. 35(c) motion must be filed within three years of a defendant's conviction for a non-class 1 felony offense. Crim. P. 35(c)(3)(I); § 16-5-402(1). But, as now relevant, there is an exception to this time bar when the defendant's "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d).

¶ 8　　We review de novo whether the facts alleged in a Crim. P. 35(c) motion, if true, would constitute justifiable excuse or excusable neglect. *People v. Hinojos*, 2019 CO 60, ¶ 12. A Crim. P. 35(c) motion may be summarily denied when the motion, files, and record clearly establish that the defendant's allegations don't warrant relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

## B.    Application

¶ 9    Stone concedes that the motion, filed twenty-seven years after the conviction became final, is untimely under section 16-5-402(1). The untimely filing isn't excused because, for two reasons, the rule announced in *Erlinger* doesn't affect Stone's postconviction claim. First, the record shows that a jury decided whether Stone's prior convictions were "separately brought and tried and arose out of separate and distinct criminal episodes" as an element of each habitual criminal count.  It found that the prosecution had proved each of seven habitual counts beyond a reasonable doubt.  Second, even if Stone was correct that four of the prior convictions should have been presented to the jury as one, section 16-13-101(2) mandated sentencing at four times the maximum of the presumptive range based on the verdicts on the four remaining habitual criminal counts.

¶ 10    We thus conclude that Stone's time-barred claim was properly denied without a hearing.  *See Ardolino,* 69 P.3d at 77.

## III.    Disposition

¶ 11    The order is affirmed.

JUDGE LUM and JUDGE MEIRINK concur.